UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS ODELL,<br><br>            Plaintiff,<br><br>    v.<br><br>WARDEN K. KIEBLER,<br><br>            Defendant. | Case No. 1:21-cv-01508-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION AND DENY A CERTIFICATE OF APPEALABILITY[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner Travis Odell, a state prisoner initiated this action by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 in the Central District of California on October 7, 2021. (Doc. No. 1., "Petition"). The Northern District transferred the Petition to this Court because Petitioner was both incarcerated and convicted within the venue of this Court. (Doc. Nos. 5, 6). The matter is before the Court for preliminary review. *See* Rules Governing § 2254 Cases, Rule 4; 28 U.S.C. § 2243. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Courts

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

have "an active role in summarily disposing of facially defective habeas petitions" under Rule 4. *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). As more fully explained below, the undersigned recommends that the Petition be dismissed because the Petition is time-barred and alternatively both grounds are unexhausted.

## BACKGROUND

Odell challenges his 2009 plea-based conviction entered by the Madera County Superior Court for voluntary manslaughter and attempted voluntary manslaughter. (Doc. No. 1 at 2). Odell was sentenced to 22 years and eight months' imprisonment, a sentence that was increased by the state's gun possession sentencing enhancement. (*Id.*). The Petition identifies two grounds for relief: (1) petitioner received an "unauthorized sentence" in violation of his Fifth and Sixth Amendment rights; and (2) petitioner did not receive a fair trial in violation of his Fifth and Sixth Amendment rights because his sentencing enhancements are invalid in light of California Senate Bill 620.[2] (*Id.* at 5-6). Odell denies that he filed either a direct appeal or any state habeas petitions. The Court takes judicial notice of the California Court Case Information database under Federal Rule of Evidence 201, which reveals Odell twice sought habeas review before the California Court of Appeal and currently is seeking habeas review before the California Supreme Court. *See In re TRAVIS ODELL on Habeas Corpus*, No. F081831 (Cal. Ct. App. Oct. 7, 2020); *In re TRAVIS ODELL on Habeas Corpus*, No. F081233 (Cal. Ct. App. June 5, 2020); *Odell (Travis) on H.C.*, No. S271223 (Cal. Oct. 6, 2021).

## APPLICABLE LAW AND ANALYSIS

**A. The Petition is Barred by AEDPA's Statute of Limitations**

The court may raise the statute of limitations *sua sponte* when reviewing a habeas petition. *Id.* at 209; *Herbst v. Cook*, 260 F.3d 1039, 1042 n.3 (9th Cir. 2001) (in the interests of judicial efficiency, federal district courts may consider the timeliness of a state prisoner's habeas petition). Title 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty

---

[2] California Senate Bill 620, enacted into law in 2017, amended the firearm sentencing enhancement law by "[deleting] the prohibition on striking an allegation or finding and, instead, [allowing] a court, in the interest of justice and at the time of sentencing or resentencing, to strike or dismiss an enhancement otherwise required to be imposed by the . . . law." *See* Cal. Pen. Code §§ 12022.5 and 12022.53.

Act of 1996, sets a one-year period of limitations to the filing of a habeas petition by a person in state custody. For most petitioners, the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Given that Odell's sentence and conviction were final in 2009, the Petition filed some 12 years later in 2021, is barred by the statute of limitations. *Smith v. Williams*, 871 F.3d 684, 687 (9th Cir. 2017) (AEDPA's "statute of limitations must run from the judgment pursuant to which the petitioner is being held."). Although the AEDPA one-year limitation period may be tolled while a petitioner exhausts his state remedies, Odell receives no benefit from his recently filed state habeas petitions because the state petitions were lodged in 2020, well after the AEDPA one-year limitation period elapsed.

Admittedly, other statute of limitations triggers may apply to a petition, but none of these appear to apply to Odell's Petition. *See* § 2244(d)(1)(B) -(D).[3] Lest Odell argue § 2244(d)(1)(D) is the correct trigger due to the change brought about by Senate Bill 620, which amended Cal. Penal Code § 12022.53, such an argument would be unavailing. A change in controlling law does not constitute a "factual predicate" as that term is used within the statutory framework of § 2244(d)(1)(D). *Shannon v. Newland*, 410 F.3d 1083, 1088-89 (9th Cir. 2005) (rejecting petitioner's claim that subsequent California Supreme Court decision clarifying state law qualified as a factual predicate for purposes of § 2244(d)(1)(D) reasoning "[i]f a change in (or clarification of) state law, by a state court, in a case in which [the petitioner] was not a party, could qualify as a 'factual predicate,' then the term 'factual' would be meaningless."). *See also Easter v. Taylor*, 714 F. App'x 791, 792 (9th Cir. 2018) (affirming the district court's rejection of petition as untimely and rejecting subsequent change in Oregon law qualified as factual predicate under § 2244(d)(1)(D) citing *Shannon*). Thus, the California legislature's amendment to the

---

[3] The statute of limitations may also begin to run from the latest of: "(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." § 2244(d)(1)(B)-(D)

firearms statute does not qualify as a "factual predicate" to Odell's case to warrant tolling under § 2244(d)(1)(D).  *See also Wilson v. Sherman*, No. 1:19-CV-01602-HBK, 2021 WL 2209822, at *2 (E.D. Cal. June 1, 2021), *report and recommendation adopted sub nom* 2021 WL 4803956 (E.D. Cal. Oct. 14, 2021).  Therefore, the undersigned finds the Petition is time barred and recommends the Petition be dismissed.

### B. Both Grounds in the Petition Are Unexhausted

A petitioner in state custody who wishes to proceed on a federal petition for a writ of habeas corpus must exhaust state judicial remedies.  *See* 28 U.S.C. § 2254(b)(1).  Exhaustion is a "threshold" matter that must be satisfied before the court can consider the merits of each claim.  *Day v. McDonough*, 547 U.S. 198, 205 (2006).  The exhaustion doctrine is based on comity and permits the state court the initial opportunity to resolve any alleged constitutional deprivations.  *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982).  To satisfy the exhaustion requirement, a petitioner must provide the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995).  The burden of proving exhaustion rests with the petitioner.  *Darr v. Burford*, 339 U.S. 200, 218 (1950) (overruled in part on other grounds by *Fay v. Noia*, 372 U.S. 391 (1963)).  A failure to exhaust may only be excused where the petitioner shows that "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B)(i)-(ii).

Despite Odell denying that he filed any collateral state appeals or petitions, the Court undertook a review of the California Court Case Information database.  The state court database reveals that Odell did not directly appeal his conviction but did seek habeas relief in the state appellate court twice and currently is seeking habeas review before the state supreme court.  Despite the Court not having the benefit of reviewing Odell's state supreme court habeas petition, it is clear that both grounds raised in the Petition have not been exhausted in the state's highest court because his sole state supreme court petition remains pending.  Accordingly, because neither of the grounds raised in the Petition have been exhausted as required by 28 U.S.C. §

4

2254(b)(1), the Petition should be dismissed.

## CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further. The undersigned therefore recommends that a certificate of appealability not issue.

Accordingly, it is RECOMMENDED:

The Petition (Doc. No. 1) be DISMISSED and a certificate of appealability be denied.

Further, it is ORDERED:

This case be assigned to a district judge for the purposes of reviewing these findings and recommendations.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

5

Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     October 29, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE